ALBANY,
Feb. 1811.

LINDSEY
v.
SMITH.

and 44 cents, including what still remained due on the mortgages.

The case was submitted to the court, without argument.

———

## LINDSEY *against* SMITH.

THIS was an action of *slander*. The declaration contained several counts. The first count, which was the only one objected to, stated, that the plaintiff is a justice of the peace, &c. and that the defendant, to injure him and expose him, as a justice, to prosecution for

him and expose him to prosecution for corruption, &c. in a *certain discourse*, plaintiff in his office of a justice, " *Lindsey* (meaning the plaintiff) had been feed by *A. W.* (meaning *A. W.* who lately had a cause pending and determined before the plaintiff,) and that he (the defendant) could do nothing when the magistrate was in that way against him," (the defendant.) On a motion in arrest of judgment, this declaration was held sufficient.

Though an *innuendo* cannot supply the place of a *colloquium*, yet if there be a *colloquium* sufficient to point the application of the words to the plaintiff, if spoken maliciously, he must have judgment.

*In an action of slander, the declaration stated that the plaintiff was a justice of the peace, and that the defendant, meaning to injure, &c. said of him*

corruption, &c. in a certain discourse which the defend-ant had with divers persons concerning the plaintiff, as a justice, said of the plaintiff in his office of a justice, " *Lindsey* (meaning the plaintiff) *had been feed by Abner Wood*, (meaning *Abner Wood* who then lately had a cause pending and determined before the plaintiff,) *and that he* (meaning the defendant) *could do nothing when the magistrate* (meaning the plaintiff) *was in that way against him*," (meaning the defendant.)

The defendant pleaded the general issue; and there was a general verdict for the plaintiff for 179 dollars.

*J. Duer*, for the defendant, moved an arrest of judgment:

1. Because, the *colloquium* does not state that the words were spoken by the defendant " of and concerning the said *cause*, and of and concerning the conduct of the plaintiff as a justice, in relation to the said *cause*.

2. Because the *innuendo* introduced new matter material to be proved.

3. Because it contains no explanation of the precedent words, and is inconsistent and insensible.

He cited *Van Vechten* v. *Hopkins*, 5 *Johns. Rep.* 211. 1 *Com. Dig.* 268. *Sayre*, 280. 6 *Term Rep.* 691. 8 *East*, 427. 9 *East*, 95.

*Fisk*, contra.

*Per Curiam.* The slanderous intent and application of the words charged, must be considered as established by the verdict. Here was a *colloquium* laid, which was sufficient to give application to the slander. It is averred that the defendant was discoursing concerning the plaintiff, as a justice, and that the words were spoken of him in relation to his office as a justice, and it was a question of evidence, whether the words so spoken of the plaintiff had an innocent or a slanderous and mali-

cious meaning. The *innuendo* cannot supply the place of a *colloquium*, but here there was the competent *colloquium* to give point and application to the words, if spoken, as the jury must have found them to have been spoken, with a scandalous and malicious intent.

The motion is, therefore, denied.